## State Board of Pharmacy *v.* Arthur Bersh.

Argued January 5, 1971, before Judges KRAMER, MENCER, and ROGERS* sitting as a panel of three.

*Leslie B. Handler,* with him *Handler & Handler, Louis Lipschitz,* for appellant.

*Walter W. Wilt,* Assistant Attorney General, with him *Marvin I. Block,* Assistant Attorney General, and *Fred Speaker,* Attorney General, for appellee.

OPINION PER CURIAM, filed January 20, 1971:

The only question presented to this Court by the appellant is whether this case should be remanded for a hearing by the State Board of Pharmacy (Board).

The appellant argues that after having been given one continuance the Board improperly refused to grant him a second continuance requested by a telegram sent

---

* Judge THEODORE O. ROGERS, was appointed to fill the place of Judge BARBIERI who was appointed to the Supreme Court of Pennsylvania. Judge ROGERS was sworn in as member of the Commonwealth Court of Pennsylvania on January 4, 1971.

by his counsel on the morning of the hearing. The record clearly shows that the appellant failed to appear at a hearing after proper notice, and the Board proceeded *ex parte*. The hearing resulted in a revocation of appellant's pharmacy license for adequate cause.

The reasons given in the telegram for appellant's refusal to appear and requesting the continuance were partially false inasmuch as the record shows that the Board through its counsel met with counsel for the appellant and a judge of the Common Pleas Court of Philadelphia County for the purpose of removing any reason for the appellant not to appear before the Board. This conference successfully accomplished its purpose.

This appellant was not denied any of his rights; and the action of the Board was based upon substantial evidence and was proper. It is therefore the opinion of this Court that the exceptions to the Board's actions should be dismissed and the order of the State Board of Pharmacy affirmed.

### ORDER

AND Now, January 20, 1971, the appeal of Arthur Bersh from the adjudication and order of the State Board of Pharmacy and the exceptions filed by the appellant thereto are hereby dismissed.